# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDDIE R. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-0281** |
| **SECRETARY JAMES M. LEBLANC,** **LOUISIANA DEPARTMENT OF** **PUBLIC SAFETY & CORRECTIONS** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

The petitioner, Freddie R. Lewis, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his confinement following his 2007 conviction on four counts of distribution of cocaine in the 26th Judicial District Court for Bossier Parish for which he received a twenty (20) year sentence. The provisions of 28 U.S.C. § 2241(d) determine the proper venue for filing a petition for federal habeas corpus relief:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Thus, in a multi-district state such as Louisiana, the application may be filed either in the district in which the petitioner is incarcerated or in the district in which he was convicted and sentenced.

Under § 2241(d), the district court for the district where the application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the application to another district court for hearing and determination.  In addition, 28 U.S.C. § 1406 provides that the district court that is not a proper division or district for venue purposes, shall dismiss or, if the interests of justice so dictate, transfer the case to any district or division in which it could have been brought.

Lewis was convicted in Bossier Parish, which is located within the jurisdictional boundaries of the United States District Court for the Western District of Louisiana.  28 U.S.C. § 98(c).  Lewis apparently obtained early release status and has provided a residential address in Natchitoches Parish, also within the Western District of Louisiana.[2]  Thus, Lewis was not incarcerated in this district at the time he filed his complaint, or currently, and he was not convicted or sentenced in this District.  In fact, Lewis has no discernable connection with this District.

For these reasons, although Lewis does not clarify his current custodial status, the matters relevant to his 2007 conviction and related custody are to be addressed in the Western District of Louisiana.  The Court finds that it is in the interest of justice to transfer this case to the Western District of Louisiana.

---

[2]The Court notes that, on June 26, 2014, Lewis filed a notice of change of address in a prior case in the Western District, Civil Action No. 10-0291, indicating that he had moved from the Louisiana Workforce in East Baton Rouge Parish to his current address in Robeline, Louisiana.  No. 10-0291, Doc. No. 87.

2

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Lewis's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 26th day of February, 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.