UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **FREDDIE R. LEWIS**<br>    LA. DOC #395306<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-1083**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **JAMES LeBLANC, SECRETARY** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Freddie R. Lewis, a resident of Robeline in Natchitoches Parish, filed the instant civil action in the United States District Court for the Eastern District of Louisiana on January 26, 2015. On February 26, 2015, United States Magistrate Judge Karen Wells Roby construed the pleading as a challenge to petitioner's confinement following his 2007 convictions for distribution of cocaine in the Twenty-Sixth Judicial District Court for Bossier Parish.  The Magistrate Judge noted that petitioner is apparently no longer incarcerated and concluded that the proper venue for petitioner's collateral attack of his Bossier Parish conviction lies in the Western District of Louisiana, and therefore recommended transfer to this Court. [Doc. 4]

On March 23, 2015, petitioner objected to the recommendation claiming, among other things, "... that the pro se extraordinary true writ of habeas corpus ... is not a 28 U.S.C. §2254 challenging prosecution, conviction, or sentence." He further advised, "Jurisdiction is proper in the United States District Court, Eastern District of Louisiana ... and said writ should not be transferred to the Western District of Louisiana." [Doc. 7, p. 6] Thereafter petitioner related that he had filed an application for habeas corpus pursuant to La. C.Cr.P. art. 351 in the Nineteenth Judicial District Court, East Baton Rouge Parish, under Docket Number C605,604-Sec. 27.

When that Court "arbitrarily" dismissed his habeas petitioner applied for review in the First Circuit Court of Appeal, under Docket No. 2012-CV-1890.  Again, when that court "arbitrarily" denied relief petitioner sought further review in Louisiana's Supreme Court in a case assigned Docket No. 2013-CI-2350.  He then argued that the Nineteenth Judicial District Court, the Louisiana First Circuit Court of Appeals and the Louisiana Supreme Court are "within the jurisdiction of the United States District Court, Easter District of Louisiana..." and therefore his pleading should not have been transferred to this Court. [Doc. 7]

On April 1, 2015, United States District Judge Carl Barbier adopted the recommendation and ordered the civil action transferred to this Court. [Doc. 8] On April 8, 2015, petitioner moved for reconsideration [Doc. 10], but his motion was denied on April 10, 2015. [Doc. 11]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

***Statement of the Case***

Petitioner captioned his pleading as a "Pro Se Application Extraordinary True Writ of Habeas Corpus" and invoked the jurisdiction of the Court pursuant to 28 U.S.C. §§1331, 1343, 2202, 2254 and the First, Fourth, and Fourteenth Amendments of the United States Constitution. Petitioner's argument was summarized by the Louisiana First Circuit Court of Appeal as follows:

> Following his convictions on four counts of distribution of cocaine, appellant was sentenced on November 27, 2007, to twenty years at hard labor in the Louisiana Department of Corrections (the Department) on each count, to be served concurrently. On September 30, 2011, he filed a petition requesting a writ of habeas corpus ordering his immediate release, as well as monetary compensation for his illegal detention. He alleged that his continued detention was illegal because, although the trial court sentenced him to the custody of the Department, his 'delivery' has never been accepted by the Department. He claimed that the Sheriff's Office of Bossier Parish, which is where he was housed pending

conviction, never transmitted to the Department the proper commitment papers required by La.C.Cr.P. art. 892. Specifically, he complained that his commitment documents only included a bill of information, rather than an indictment as required by Article 892(B)(1)(a). According to appellant, this deficiency resulted in the 'rejection' of his delivery to the Department pursuant to La. R.S. 15:566(C), which provides that when the documents required by Article 892 are not tendered with the prisoner, the Department should refuse the prisoner's delivery. Due to the alleged noncompliance with Article 892, appellant argued there was no legal authority for his custody. Additionally, appellant alleged that several Department records, including his master records, were falsified to erroneously indicate that he actually was transferred into the Department's custody.

After hearing oral arguments, the commissioner issued a written report recommending that appellant's request be dismissed as lacking merit. In reaching this conclusion, the commissioner noted that any failure of the sheriff's office to provide proper documentation did not affect the validity of appellant's sentences to the custody of the Department under Article 892(D). [FN1 – Article 892(D) provides that '[f]ailure to comply with the provisions of this Article shall not affect the validity of a prosecution, conviction, or sentence.'] The commissioner further concluded that appellant failed to establish the falsification of any records. Subsequently, the district court rendered judgment dismissing appellant's request for habeas relief with prejudice in accordance with the commissioner's report, which it adopted as its reasons. Appellant has now appealed. *Freddie Lewis v. Secretary, Louisiana State Department of Public Safety and Correction, et al.*, 2012-CA-1890, 2013 WL 2488464 (La.App. 1 Cir. 6/7/13).

Through this proceeding petitioner seeks the following relief:

1. An order directing Secretary LeBlanc to produce the file and record of petitioner's commitment and admittance into the custody of the Department; or, in the alternative to order LeBlanc to issue a statement to the effect that the Department does not have a file and record and thus petitioner has not been committed and/or admitted and thus was not legally incarcerated in the Department as an inmate since he was illegally sentenced in November 2007;

2. An order directing that charges of criminal conspiracy pursuant to La. R.S.14:26, aggravated kidnapping at gunpoint pursuant to La. R.S.14:44, aggravated false imprisonment at gunpoint pursuant to La. R.S.14:46.1, malfeasance in office, misfeasance and non-feasance be

filed against the Department's Secretary LeBlanc and his designee Jonathan Vining, Commissioner John M. Smart and Judge Todd Hernandez of the Nineteenth Judicial District Court, Judges Kuhn, Pettigrew, and McDonald of the First Circuit Court of Appeals; and,

    3. Compensatory Damages pursuant to La. R.S. 15:572.8(D) and (K) and punitive damages of $10,000,000 for false imprisonment from November 27, 2007 to June 21, 2014 including the unlawful 11 years of release "as on parole" imposed on June 21, 2014 and an order rescinding parole status and reimbursing all parole fees paid and petitioner's release from any further illegal custody;

    4. The repayment of all court costs and commissary fees incurred by petitioner since his incarceration; and,

    5. The replacement of all personal property lost during the period of petitioner's incarceration.

## Law and Analysis

### 1. Screening Pursuant to Rule 4

    Petitioner initially invoked the jurisdiction of the Court pursuant to 28 U.S.C. §2254; thereafter, in his objection to the Magistrate Judge's transfer recommendation, he claimed that his civil action did not arise pursuant to Section 2254. [Compare Doc. 1 and Doc. 7] Petitioner has not explained this discrepancy. Nevertheless, he has made it clear that he seeks habeas corpus relief. Rule 1 of the Rules Governing Section 2254 Cases in the District Court provides that the rules govern petitions for habeas corpus filed pursuant to Section 2254 and "habeas petitions not covered by Rule 1(a)." Rule 4 of the Rules Governing Section 2254 Cases in the District Courts provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As noted in the Advisory Committee Notes, " ... under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)." As is shown hereinafter, petitioner's claims are subject to dismissal pursuant to Rule 4.

## *2. Grounds for Relief*

Title 28 U.S.C. §2254 provides in part that "... a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is <u>in custody in violation of the Constitution or laws or treaties of the United States</u>..." Here, petitioner alleged no facts to suggest, much less to establish that he is in custody in violation of the Constitution or laws of the United States. Indeed, petitioner claims that his custody was violative only of Louisiana law. He claims that his commitment papers did not comply with the provisions of La. C.Cr.P. art. 892, and, that there was a violation of R.S. 15:566(C). In short, petitioner failed to state a claim for which relief may be granted.

## *3. Post-Conviction Error*

Petitioner argues that he is entitled to habeas corpus relief because of errors committed by the Nineteenth Judicial District Court, the First Circuit Court of Appeal, and the Louisiana Supreme Court with regard to their adjudication of his post-conviction claims. In the introductory paragraph of his pleading he alleged that he was entitled to habeas relief because of "... Rule X violations of the 19th Judicial District Court, which denied the pro se petitioner/plaintiff Due

Process of the pro se Extraordinary True Writ of Habeas Corpus C605604-SEC 27 referenced above; which is a gross departure from the proper judicial proceeding; the First Circuit Court of Appeal, State of Louisiana's abuse of power and the First Circuit Court of Appeal , State of Louisiana's Judgment 2012-CA-1890, on an issue which is contrary to its own judgment on the same issue and contrary to the judgments of other appeal courts and the Supreme Court of the United States on the same issue (DENIAL OF DUE PROCESS OF THE TRUE WRIT OF HABEAS CORPUS). Subsequently the Supreme Court of Louisiana denied the review of the lower courts judgments, without 'written reason.'" [Doc. 1, p. 2]

In other words, petitioner argues that he is entitled to federal habeas relief because of errors committed in the state post-conviction proceedings. However, "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992); *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). Thus, the petition is subject to dismissal for failing to state a claim for which relief may be granted.

### *4. Criminal Charges*

Petitioner also prays that charges of criminal conspiracy pursuant to La. R.S.14:26, aggravated kidnapping at gunpoint pursuant to La. R.S.14:44, aggravated false imprisonment at gunpoint pursuant to La. R.S.14:46.1, malfeasance in office, misfeasance and non-feasance be filed against the Department's Secretary LeBlanc and his designee Jonathan Vining, Commissioner John M. Smart and Judge Todd Hernandez of the Nineteenth Judicial District Court, Judges Kuhn, Pettigrew, and McDonald of the First Circuit Court of Appeals.

There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). The prosecution of criminal actions in the federal courts

is a matter solely within the discretion of the Attorney General of the United States, and duly authorized United States Attorneys. The prosecution of criminal actions in the Louisiana courts is a matter solely within the discretion of the Louisiana Attorney General and the various District Attorneys. See La. C.Cr.P. arts. 61 and 62.

To the extent that plaintiff demands that various individuals be prosecuted, his claim is frivolous.

### 5. *Damages*

Petitioner also prays for compensatory damages pursuant to La. R.S. 15:572.8(D) and (K) and punitive damages of $10,000,000 for false imprisonment from November 27, 2007 to June 21, 2014, including the unlawful 11 years of release "as on parole" imposed on June 21, 2014, and an order rescinding parole status and reimbursing all parole fees paid and petitioner's release from any further illegal custody. He also demands the repayment of all court costs and commissary fees incurred by petitioner since his incarceration; and, the replacement of all personal property lost during the period of petitioner's incarceration. To the extent that petitioner seeks money damages, such relief is unavailable in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 474, 494, 93 S.Ct. 1827, 1838 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); see also *Muhammad v. Close*, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (per curiam) (recognizing that damages are unavailable in *habeas*). Thus, to the extent that petitioner seeks money damages in this habeas corpus action, he fails to state a claim for which relief may be

granted.

*6. Second/Successive*

Petitioner is apparently no longer in the physical custody of the Department of Corrections; nor was he in the Department's physical custody when he filed this petition. Nevertheless, he claims to be on supervised parole and that fact, if true, satisfies the "in custody" requirement of Section 2254. *Jones v. Cunningham*, 371 U.S. 236, 242, 83 S.Ct. 373, 376-377, 9 L.Ed.2d 285 (1963) (a prisoner who had been placed on parole was still "in custody" under his unexpired sentence because his release from physical confinement under the sentence in question was conditioned on his reporting regularly to his parole officer, remaining in a particular community, residence, and job, and refraining from certain activities); see also *Hensley v. Municipal Court, San Jose-Milpitas Judicial Dist., Santa Clara County*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

As noted throughout, petitioner does not attack his conviction; nor does he attack the sentence imposed by the trial court. Instead, he maintains that his detention was illegal (as is his current status of supervised parole) because, although the trial court sentenced him to the custody of the Department, the Sheriff's Office did not transmit the proper papers to the Department and thus his "delivery" has never been accepted by the Department.

As previously noted petitioner initially invoked the habeas jurisdiction of this Court by way of 28 U.S.C. § 2254. [Doc. 1] Thereafter, in his objection to the Report recommending transfer, he invoked jurisdiction pursuant to Section 2241. [Doc. 7] Nevertheless, it is clear that petitioner, to the extent that he is in custody, "... is in custody pursuant to the judgment of a State

court ..."

Thus, if petitioner is "in custody" as contemplated by § 224, he is also in custody such that he may proceed under 28 U.S.C. § 2254, since he is also in custody pursuant to a State court judgment, and, a more specific statutory provision controls a more general one. *See Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir.2004) at fn. 4, citing, *United States v. John*, 309 F.3d 298, 302 fn. 5 (5th Cir.2002) ("a principle of statutory construction provides that a specific provision takes precedence over a more general one."); *Kirby Corp. v. Pena*, 109 F.3d 258, 270 (5th Cir.1997) ("It is a well-known canon of statutory construction that a specific statutory provision governs the general."). Clearly then, despite petitioner's protestations to the contrary, the instant petition, since it attacks custody pursuant to the order of a Louisiana court, falls under the more specific provision of 28 U.S.C.§ 2254.

Further, it is clear that by attempting to proceed under § 2241, petitioner seeks to avoid §2244's prohibition on filing successive petitions and the gate-keeping functions assigned to the Court of Appeals by 28 U.S.C. §2244(b)(3)(A) which provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner filed a prior petition for habeas corpus pursuant to Section 2254 on February 14, 2011. That petition attacked his convictions for distribution of cocaine and the 20 year sentences imposed by the Twenty-Sixth Judicial District Court in Bossier Parish. On January 16, 2014 Magistrate Judge Hornsby addressed the merits of petitioner's numerous claims for relief and recommended dismissal of the petition. Thereafter, on March 12, 2014, Judge Walter adopted the Report and entered a judgment dismissing the petition. On December 8, 2014, the

9

United States Fifth Circuit Court of Appeals denied petitioner's request for a COA. See Freddie R. Lewis v. Warden Timothy Wilkinson, No. 5:11-cv-0469 at Docs. 1 (petition), 43 (report and recommendation), 47 (judgment) and 49 (denial of COA).

Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998); *see also Crone v. Cockrell,* 324 F.3d 833. The claims petitioner raises herein, could have been raised in petitioner's previous petition. Furthermore, petitioner's prior petition was dismissed on the merits. Therefore, this petition is successive.

Thus, even if petitioner were allowed to amend his petition to cure the defects noted above, this petition would still be subject to summary dismissal because petitioner has not yet applied for, much less received, permission from the Court of Appeals to file a successive petition in the District Court as required by the statute and therefore this Court would lack jurisdiction to consider his claims.

***Conclusion and Recommendation***

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** for failing to state a claim for which habeas corpus relief may be granted; and/or because the petition is successive and petitioner has not yet obtained permission from the Fifth Circuit Court of Appeals to seek relief in the District Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 19, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**